## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE CACHO, M.D.,<br>Commander, U.S. Public Health Service<br>110 W Andrews Avenue, #200<br>Wildwood, NJ 08260<br><br>          Plaintiff,<br><br>     v.<br><br>HONORABLE MICHAEL CHERTOFF<br>Secretary, Department of Homeland Security<br>Washington, DC 20528<br><br>          Defendant. | C. A. No. 1:06CV00292 (ESH) |

## ANSWER

Defendant Michael Chertoff, Secretary of the Department of Homeland Security, through undersigned counsel, hereby answer the complaint in this case as follows:

### FIRST DEFENSE

The court lacks subject matter jurisdiction because plaintiff has not pled a cause of action within the Privacy Act or any other waiver of sovereign immunity.

### SECOND DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, the defendant states as follows:

1. Paragraph 1 is plaintiff's statement of his case to which no response is required. To the extent that a response is deemed necessary, denied.

## JURISDICTION, VENUE AND PARTIES

2. Paragraph 2 is plaintiff's statement of jurisdiction and venue to which no response is required. To the extent that a answer is deemed necessary, denied.

3. Defendant admits that plaintiff is a Commander in the United State Public Health Service and is a physician. Defendant is without sufficient information to admit or deny the remainder of this paragraph.

4. Admitted.

5. Admitted.

## STATUTE OF LIMITATIONS

6. First and third sentence (including the citation). These sentences represent plaintiff's conclusion of law to which no response is deemed required. Second sentence. Denied.

## STATEMENT OF FACTS

7. Admitted to the extent that plaintiff avers that he was assigned to the "Coast Guard."

8. Denied.

9. Admitted, that on or about June 18, 2004, the plaintiff counseled Commander Sokolowski concerning his performance and duties. Defendant is without sufficient information to admit or deny the remainder of this paragraph.

10. Defendant admits only that on a date unknown, Commander Sokolowski raised his voice and used profanity towards the plaintiff.

11. Admit only that a non-commissioned officer witnessed CDR Sokolowski raise his voice and use profanity towards the plaintiff.

12. Denied. No information from Commander Cacho's medical records was revealed to Captain Keith Taylor (Commanding Officer) and Commander Michael Andres (Executive Officer) by Commander Sokolowski, as alleged. They were informed of the plaintiff's nondisclosure of medical information by officials of the Health and Safety Directorate at United States Coast Guard Headquarters. The Headquarters officials became aware of the allegations because Commander Cacho sent them an email detailing his nondisclosure and the Headquarters Health and Safety Directorate properly notified Commander Cacho's Commanding Officer of the possible fitness for duty issue.

13. Denied, except to state that Commander Sokolowski informed Commander Gordon, the responsible medical Quality Assurance Coordinator, of a possible fitness for duty issue concerning Commander Cacho after he completed a Quality Assurance exercise, assigned by Commander Gordon, which involved the review of the records, and Commander Sokolowski also informed Lieutenant Jarvi because Lieutenant Jarvi made or signed several entries in Commander Cacho's medical record relating to the undisclosed medical condition and medications. Both Commander Gordon and Lieutenant Jarvi were Coast Guard medical care providers at Air Station Miami when the disclosures were made and, as agency officials, they had a need to know that information about medical conditions and medications that raised a possible fitness for duty issue regarding Commander Cacho had not been disclosed.

14. Denied. The Tricare Management Agency did forward an investigation request from the plaintiff to the USCG for action on February 22, 2005.

15. Admitted.

16. Defendant admits only that Admiral Paul Higgins initiated a Focus Review Team to report on Air Station Miami and Commander Cacho's medical practices.

17. Admitted.

18. Admitted that on August 23, 2004, Captain Taylor initiated a command investigation of Commander Cacho.

19. Admitted.

20. Admitted.

21. Denied. An opinion (not a conclusion) in the report of investigation read "CDR Cacho did not omit his medical condition during the November 2003 Flight Physical or the November 2003 SF 502 for the purpose of personal gain or profit."

22. Admitted.

23. Admitted.

24. Admitted that on September 22, 2004, the plaintiff was informed that he had "unsatisfactory aeronautical adaptability." That memo also informed him that it was recommended that his status as a flight surgeon be rescinded. Because of plaintiff's "unsatisfactory aeronautical adaptability" Admiral Paul Higgins on October 1, 2004, informed the plaintiff's Commanding Officer that the plaintiff was no longer eligible for to have "aviation medical privileges."

25. Admitted that Captain Keith Taylor initiated action to correct the plaintiff's pay records. Captain Taylor determined the plaintiff was not entitled to Aviation Career Incentive Pay for the period from November 1, 2003, to July 31, 2004, but had in fact been paid the incentive pay for those periods. Captain Taylor directed that all improperly

paid incentive pays be returned to the USCG payroll office in accordance with regulation to prevent an overpayment to the plaintiff.

    26. The Defendant is without information to admit or deny when the plaintiff was informed that he was being transferred to Cape May, NJ. Admitted that on or about October 9, 2004, the USCG issued orders directing the plaintiff to report to Cape May not later than November 15, 2004.

    27. Admitted.

    28. Admitted.

    29. Admitted, except denies the characterization of the report as "adverse."

    30. Admitted.

    31. Admitted.

    32. Admitted.

    33. Admitted.

    34. See Answer to # 35.

    35. Admitted that on December 1, 2004, the special interim Commissioned Officer Effectiveness Report was approved by Rear Admiral Paul Higgins and entered into Commander Cacho's officer personnel file. Commander Cacho's rebuttal to the report was not submitted until January 10, 2005, and it was appropriately placed in the officer personnel file with the special interim report Commissioned Officer Effectiveness Report. The Commissioned Officer Effectiveness Report and Commander Cacho's rebuttal were properly submitted and placed in his personnel file.

    36. Admitted.

37- 38. These paragraphs quote portions of the memorandum referred to in Paragraph 36, which is the best evidence of its contents. Defendant respectfully refers the Court to that memorandum for a completed and accurate statement of its contents, and denies any characterization inconsistent therewith.

## CLAIM

39-40. These paragraphs contain legal conclusions and not factual averments. No response is required.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

## PRAYER FOR RELIEF

The remainder of the complaint contains plaintiff's prayer for relief to which no response is required. However, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever.

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Respectfully yours,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:

ROBERT BRUCE, Esq.
Attorney, U.S. Coast Guard
Office of Claims and Litigation