UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE CACHO, M.D.,  )<br> )<br>*Plaintiff*,  )<br> )<br>v.  )<br> )<br>THE HONORABLE  )<br>   MICHAEL CHERTOFF,  )<br> )<br>*Defendant*.  )<br>_____ ) | Civil Action No. 06-0292 (ESH) |

## JOINT LCvR 16.3 REPORT

This is an action brought under the Privacy Act, 5 U.S.C. § 552a, for damages in connection with Defendant's alleged unauthorized dissemination of Plaintiff's medical records and information. Pursuant to this Court's order of June 5, 2006 and LCvR 16.3, the parties to this action have conferred and discussed the matters set forth in LCvR 16.3(c). The parties' responses to the required matters of discussion are provided below.

(1) Dispositive Motions:

Defendant intends to file a motion to dismiss the claim or for summary judgment. Plaintiff intends to file a cross-motion for summary judgment on the question of Defendant's liability. The parties recommend to the Court that discovery or other matters should await a decision on the motion(s). However, Plaintiff believes limited discovery may be necessary under Rule 56(f).

(2) Joinder of Parties/Amendment of Complaint/Narrowing of Issues:

No other parties shall be joined in this action nor is there any anticipation of need to amend the pleadings. Some of the factual and legal issues can be agreed upon or narrowed.

(3) <u>Magistrate</u>:

The parties do not agree to the assignment of this case to a magistrate judge for all purposes, including trial.

(4) <u>Possibility of Settlement</u>:

The parties agree that there is a possibility of settling this case. Discussions of settlement are on-going.

(5) <u>ADR</u>:

The parties are engaged in good faith efforts to reach a settlement of this case. If settlement is not agreed to, the parties are amenable to ADR, which would be most appropriate after the Court rules on any dispositive motion(s), and after the conclusion of discovery.

(6) <u>Motions</u>:

The parties agree that this case may be amenable to resolution through dispositive motions. Defendant anticipates filing a motion to dismiss on June 27, 2006. The parties propose that the Court follow the normal briefing schedule contained the Federal Rules of Civil Procedure and the Local Rules of this Court.

(7) <u>Initial Disclosures</u>:

The parties agree that initial disclosures required by Rule 26(a)(1), F.R.Civ.P., should be stayed pending a ruling on dispositive motions.

(8) <u>Discovery</u>:

Defendant does not anticipate the need for discovery in this case, unless his dispositive motion is denied. Plaintiff does not anticipate the need for significant discovery. Apart from interrogatories, production requests, and requests for admissions, the parties anticipate the need

to conduct approximately five depositions each. The parties anticipate that discovery can be concluded within 120 to 150 days after the Court rules on dispositive motions. After such ruling, Plaintiff anticipates the need for a protective order only in regard to his medical records. Defendant anticipates the need for a protective order on any third party personal information that is sought.

(9) Experts:

The parties do not anticipate any need to modify the requirement of the exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. The parties anticipate requiring 45 days, after ruling on dispositive motions, to name experts and obtain from them the required reports. Defendant anticipates the need for an additional 45 days after Plaintiff provides his expert disclosures. Depositions of the experts would occur in the course of normal discovery.

(10) Class Action:

This matter is inapplicable to the present action.

(11) Trial:

The parties do not anticipate the need for a bifurcated trial. The parties consent to a stay of formal discovery pending this Court's ruling on dispositive motions.

(12) Pretrial Conference:

The parties propose that the pretrial conference be held 45 days after the close of discovery or resolution of any dispositive motions filed after the conclusion of discovery.

(13) Firm Trial Date:

The parties agree that the Court should set a firm trial date at the pretrial conference.

(14) <u>Other Matters</u>:

The parties agree that there are no other matters that may be appropriate for inclusion in a scheduling order.

Respectfully submitted,

_____/s/_____  
David P. Sheldon (446039)  
Law Offices of David P. Sheldon, P.L.L.C.  
512 8th Street, SE  
Washington, DC 20003  
202-546-9575

_____/s/_____  
Kenneth L. Wainstein  
D.C. Bar # 451058  
U.S. Attorney

_____/s/_____  
Raymond J. Toney (NY0066)  
Law Office of Raymond J. Toney  
34-16 30th Avenue, 3rd Floor  
Astoria, NY 11103  
718-726-3656

_____/s/_____  
Rudolph Contreras  
D.C. Bar # 434122  
Assistant U.S. Attorney

_____/s/_____  
Claire Whitaker  
D.C. Bar #354530  
Assistant U.S. Attorney  
U.S. Attorney's Office  
Civil Division  
555 4th Street, NW  
Room E-4204  
Washington, D.C. 20530  
202-514-7137

*Attorneys for Plaintiff*

*Attorneys for Defendant*