UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE CACHO, M.D., )<br> Commander, U.S. Public Health Service )<br> )<br>          Plaintiff, )<br> )<br>          v. )<br> )<br>THE HONORABLE MICHAEL CHERTOFF )<br>Secretary, Department of Homeland Security )<br> )<br> Defendant. )<br>_____ _____) | C.A. No. 1:06CV00292 (ESH) |

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

    1.  Plaintiff Willie Cacho is a medical doctor in the United States Public Health Service and on Feburary 26, 1999, he was assigned and attached to the United States Coast Guard. Complaint at 3 and 7.

    2.  In November of 1999, Commander Cacho became the "Flight Surgeon" for Air Station Miami, Florida.  Complaint at 8.

    3.  A Flight Surgeon is a medical doctor who meets special criteria and is responsible for all flight related medical issues at his or her assigned unit.  USCG Medical Manual Commandant Instruction M6000.1B ("Med. Man.") at Article 1.B.3.  Attachment A; Coast Guard Aviation Medical Manual, Commandant Instruction M6410.3 (A. Med. Man.), Article 7.A.1.a. Attachment B.

    4.  Commander Cacho was expected to adhere to all flight standards and examine all personnel in the aeronautical fields to insure they were fit for their assigned duties. Med. Man. at 1.B.3.f.

    5.  The Flight Surgeon must meet the same rigorous standards that pilots and other

aeronautical personnel meet.  A. Med. Man. at Article 1.A.4; Med. Man. at Article 3-G; see also Med. Man. at Article 1.B.3.

6.  Various medical conditions and the use of properly dispensed medications can be a basis for grounding. A. Med. Man. at Article 12.E.

7.  These medical conditions and medications must be reported, but a wavier allowing continuation in a flight status can be requested in some instances. Id. at Article 12.A.

8.  Commander Sokolowski is a pharmacist and he was selected by Commander Stanley Gordon, who at the time was the Quality Assurance Coordinator and Acting Chief of the Health Services Division, to complete the quarterly Quality Assurance "Monitoring and Evaluation of Health Records for Proper Procedures for Controlled Substance Prescriptions" ("M&E") pursuant to Med. Man., Article 13.H.4 (at Attachment A, hereto); Declaration of Alan Sokolowski ("Sokolowski Decl.")) at ¶¶ 2-5 (at Attachment B, hereto); Declaration of Stanley Gordon ("Gordon Decl.")) at ¶¶ 4-5 (at Attachment G, hereto); Declaration of Captain Taylor ("Taylor Decl.")) at ¶ 4 (at Attachment D, hereto).

9.  The Quality Assurance exercise required a review of individual medical records, and Commander Cacho's record met the criteria for review.  Id.; Sokolowski Decl. at ¶ 4.

10.  Commander Sokolowski's review of Commander Cacho's medical record showed that Commander Cacho failed to disclose medical conditions and medications which would have grounded him and would have at least temporarily removed him from flight status and his duties as Flight Surgeon at Air Station Miami.  Sokolowski Decl. at ¶¶ 4-5.

11.  Commander Sokolowski, as a member of the medical staff at the Air Station Miami clinic, was authorized to review any medical record in its entirety.  Med. Man. 4.A.1.a.6.

12.  Commander Sokolowski had authority as a medical care provider at the Air Station

Miami Clinic to review medical records held there [Taylor Decl. at ¶ 6 (Att. D); Med. Man. at article 4.A.1.a.6 (Att. A)] and to recommend that an individual be relieved from flight duty [A. Med. Man. at Article 1D.1(Att. B)].

13. Commander Sokolowski, in the process of performing the M&E exercise, discovered that Commander Cacho's most recent medical examination failed to reflect a medical condition for which he had been filling prescriptions. Sokolowski Decl. at ¶ 5.

14. He brought this to Commander Gordon's attention [Id.] and spoke to Lt. Jarvi, the Physician's Assistant and the individual administering the subject medical examination. Id. at ¶ 6.

15. Commander Cacho learned of Commander Sokolowski's discovery and immediately sent an email to Commander Mary Fong and Commander Patrick Marshal in the Health and Safety program office of the USCG Headquarters and Maintenance and Logistics Command, Norfolk, VA, respectively. In the email, Commander Cacho disclosed, for the first time to a superior, that he had a medical condition, explained that he took prescription drugs for the condition, and reported that he was preparing to submit a medical waiver package. He also complained that Commander Sokolowski had violated his HIPPA and Privacy Act rights. Attachment H (Att. H is not included as an attachment to this filing. Defendant will seek to submit it under seal to preserve personal privacy).

16. Commander Sokolowski's "disclosures" were only to Commander Gordon, the Quality Assurance Coordinator, who was also Acting Chief of Health Services/Acting Chief of the Air Station Clinic in Commander Cacho's absence; Lt. Jarvi, who was physician's assistant to Commander Cacho and his treating physician for his then most recent physical examination; and later to his Commanding Officer, Captain Taylor as set forth below. Sokolowski Decl. at ¶¶

5-6; Taylor Decl. at ¶ 7.

18. Captain Taylor was notified by the Health and Safety program office of Commander Cacho's email. Captain Taylor as the Commanding Officer of the Air Station then called Commander Gordon, Lt. Jarvi and Commander Sokolowski into his office to discuss the matter with his Executive Officer, Commander Michael Andres. Id at ¶7: Andres Decl. at Attachment E, ¶ 4.

19. As a result of Commander Cacho's notification of Health and Safety program office at Coast Guard Headquarters, multiple administrative actions were initiated: some addressed Commander Sokolowski's alleged insubordination and his accessing Commander Cacho's medical records; some addressed Commander Cacho's medical condition and medication, and his failure to timely report them. Complaint at 16, 17, 18, 19, 20, 21, and 36; Andres Decl. at ¶ 6; Taylor Decl. (Attachment D) at ¶ 11.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney