UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE CACHO, M.D.,<br> Commander, U.S. Public Health Service<br><br>            Plaintiff,<br><br>            v.<br><br>THE HONORABLE MICHAEL CHERTOFF<br>Secretary, Department of Homeland Security<br><br>            Defendant. | C.A. No. 1:06CV00292 (ESH) |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
DOCUMENTS SUBJECT TO PROTECTIVE ORDER IN
ANOTHER UNRELATED ADMINISTRATIVE PROCEEDING**

Defendant, Michael Chertoff, Secretary, Department of Homeland Security, hereby replies to plaintiff's motion for leave to file documents subject to protective order in an unrelated administrative action.

<u>Statement of the Case.</u>

The United States has filed a dispositive motion in this case, which has been fully briefed and is awaiting a decision by the court. At a meet and confer hearing held before the Court on June 28, 2006, the United States agreed to provide documents to plaintiff, subject to a protective order, in order to expedite consideration of the United States dispositive motion. Plaintiff now petitions the court to allow him to use the documents provided through discovery in a manner that is inconsistent with the protective order. R. 12. The United States objects to Plaintiff's petition, and requests that it be denied.

Discussion

1. The Protective Order.

Plaintiff and the United States stipulated to the protective order on June 30, 2006, and the Court issued the order on July 11, 2006. The purpose of the protective order is to protect Privacy Act information contained in the documents the United States provided to Plaintiff in discovery. Paragraph 3 of the protective order limits access to the documents to the parties in this litigation. Paragraph 5 of the protective order states that information subject to it shall be used only for purposes of this litigation and shall not be otherwise disclosed.

Plaintiff's motion requests the use of the protected documents in another proceeding because they are "relevant," without addressing the issue of whether or not Privacy Act information will be improperly disclosed. The documents in question contain Privacy Act information that should be protected. For example, the Administrative Investigation conducted by Commander Carver formed the basis for adverse administrative actions against Commander Sokolowski and describes those actions in detail. That information should only be released in accordance with the Privacy Act.

2. Plaintiff's Military Civil Rights Claim.

Plaintiff's motion provides the Court only minimal information about his Military Civil Rights claim and relies on a bare, unsupported conclusion that the documents at issue are "relevant" to his Military Civil Rights claim. Plaintiff does not address why the documents should be releasable under the Privacy Act, which is the basis for the

protective order, and relevance is not by itself a valid basis for disclosure of Privacy Act protected information.

Upon information and belief, Plaintiff's Military Civil Rights claim is pending before the Department of Homeland Security Office of Civil Rights and Civil Liberties, not the Coast Guard, the agency in possession of the documents at issue.  Also, on information and belief, Plaintiff's Military Civil Rights claim is based on allegations of disparate treatment of Plaintiff as compared to others in a flight status who failed to make disclosures of medical conditions or medications that might be disqualifying.  The documents at issue are not relevant to any such disparate treatment, because they deal with the investigation of a HIPAA violation or disclosure of Plaintiff's health information by a person at the Air Station Miami health clinic to other persons at the clinic.  The documents at issue do not deal at all with the alleged non-disclosure of medical information by any person in a flight status, other than Plaintiff.  Plaintiff's bare, unsupported assertion of relevance is insufficient to justify the disclosure of documents that his petition seeks.

3.  The Court Should Deny Plaintiff's Request.

The Court should deny Plaintiff's motion because he has not justified disclosure of the documents he seeks, and there are at least two more appropriate avenues he can pursue if he wishes the DHS Office of Civil Rights to consider the documents at issue in his Military Civil Rights claim.  Firstly, Plaintiff can seek the documents from the Coast Guard in accordance with the Freedom of Information Act, 5 U.S.C. 552, et seq.  Secondly, Plaintiff can petition the DHS Office of Civil Rights to seek the documents form the Coast Guard.  If they are denied access to the records, they are entitled to seek

review in the appropriate forum. Indeed, they have had the advantage of knowing what is in the records they seek in other fora. In sum, because plaintiff has avenues to obtain the documents he seeks outside of this litigation and the Protective Order in this litigation does not authorize the release plaintiff seeks, plaintiff's motion should be denied.

        Respectfully submitted,

        /s/
JEFFREY A. TAYLOR , Bar # 498610
United States Attorney

        /s/
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137