UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE CACHO, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:06CV00292 (ESH) |
| ) | |
| THE HONORABLE MICHAEL CHERTOFF ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO DISCLOSE DOCUMENTS SUBJECT TO PROTECTIVE ORDER**

Plaintiff, CDR Willie Cacho, U.S.P.H.S., respectfully submits this reply to Defendant's response opposing CDR Cacho's motion for leave to disclose documents subject to a protective order. CDR Cacho respectfully disagrees with Defendant's legal position, and contends that the documents are appropriate for disclosure in his Formal Equal Employment Opportunity ("EEO") Complaint now pending final action by the Department of Homeland Security.

**I. THE PROTECTIVE ORDER**

Defendant argues that the Protective Order entered on July 11, 2006 by this Court forecloses CDR Cacho's use of the protected records in his pending formal EEO complaint now awaiting final action at the Department of Homeland Security. Defendant states that "Paragraph 3 of the protective order limits access to the documents to the parties in this litigation." Def.'s Response at 2.

Defendant, Michael Chertoff, is the Secretary, Department of Homeland Security. The U.S. Coast Guard is a component of the Department of Homeland Security. According to 14 U.S.C. § 1, "[t]he Coast Guard as established January 28, 1915, shall be a military service and a

branch of the armed forces of the United States at all times. The Coast Guard shall be a service in the Department of Homeland Security, except when operating as a service in the Navy." CDR Cacho's EEO complaint is being processed through the complaint and investigation system of the U.S. Coast Guard, a Department of Homeland Security entity. **Exhibit 1**. CDR Cacho's request leave to disclose the protected documents therefore would be made to the same entity that created and maintains the documents, and which is a party to this litigation.

Given that fact, CDR Cacho fails to appreciate how the requested use of the protected records could implicate CDR Sokolowski's Privacy Act rights. CDR Cacho is happy to stipulate that disclosure of the protected documents will be strictly limited to the Department of Homeland Security office responsible for final action on his formal EEO complaint. The disclosure, for all intents and purposes, would be equivalent to an interagency disclosure of the same information based on a need to know the information for the performance of duties, an action plainly authorized by the Privacy Act.

Defendant further argues that Paragraph 5 of the Order precludes CDR Cacho from providing the protected information to, effectively, Defendant. According to Paragraph 5, "[i]nformation subject to this order shall be used only for purposes of this litigation and shall not be disclosed to any person not named in Paragraph 3 without further Order of the Court or stipulation of the parties…." Before applying to the Court for leave to disclose the protected documents, CDR Cacho first sought and was denied permission from Defendant.

## II. CDR CACHO'S EEO CLAIM INCLUDES ALLEGATIONS OF DISPARATE TREATMENT OF AND RETALIATION BY CDR SOKOLOWSKI

In his formal EEO complaint, CDR Cacho alleges disparate treatment discrimination, to include Captain Taylor's disparate treatment of CDR Sokolowski. He further alleges retaliation by CDR Sokolowski. Defendant's contentions to the contrary are simply incorrect. The Report of

Investigation completed on September 16, 2005 includes investigative activity relating to CDR Cacho's allegation that he was discriminated against by being treated more harshly than was CDR Sokolowski. **Exhibit 2**. The protected documents are highly relevant to that aspect of CDR Cacho's discrimination and retaliation claims. CDR Cacho has advised the Department of Homeland Security that it should obtain the documents subject to the Court's protective order. **Exhibit 3.** CDR Cacho does not know whether the Department heeded his advice.

Defendant further contends that the Court should not grant leave to disclose the protected documents because CDR Cacho can seek the documents from the Coast Guard under the Freedom of Information Act. CDR Cacho has done so, to no avail. **Exhibit 4**. Defendant further argues that CDR Cacho can "petition" the Office of Civil Rights, Department of Homeland Security, to seek the requested documents. CDR Cacho has done this also. **Exhibit 3**.

## CONCLUSION

CDR Sokolwoski's Privacy Act rights are not implicated by CDR Cacho's proposed used of the protected documents. CDR Cacho's disclosure of the documents would be only to a party to this litigation, the very agency that generated and maintains the documents. The documents are highly relevant to CDR Cacho's EEO claims. His only remaining recourse for obtaining the documents is through a Privacy Act disclosure lawsuit. It would appear senseless to require him to pursue through litigation the very documents produced by Defendant in this action.

Respectfully submitted,

/s/

Raymond J. Toney (Bar # NY0066)
The Law Office of Raymond J. Toney
34-16 30th Avenue, Third Floor
Astoria, NY 11103
Tel: 718-726-3656
Fax: 718-504-4735

David P. Sheldon (D.C. Bar # 446039)
The Law Offices of David P. Sheldon, PLLC
512 8th Street, S.E.
Washington, DC 20003
Tel: 202-546-9575
Fax: 202-546-0135

*Attorneys for Plaintiff*